PALMER, C.J.
Spectrum Interiors, Inc., Liberty Mutual Insurance Company, and Federal Insurance Company (collectively “Spectrum”), appeal the final judgment which was entered by the trial court after a jury returned a verdict in favor of Exterior Walls, Inc. (“EWI”). Determining that the trial court improperly allowed the jury to consider certain elements of damage, we reverse in part and remand this matter for a new trial on damages.
This case arose out of a dispute regarding a construction project located in Palm Coast, Florida. The general contractor on the project was Dunn Southeast Inc. d/b/a RJ Griffin. Griffin entered into a subcontract with Spectrum, whereby Spectrum agreed to perform a major part of the construction work. Subsequently, Spectrum entered into a sub-subcontract with EWI to perform stucco work on the project.
After failing to receive full payment under the sub-subcontract, EWI filed an amended complaint against Spectrum, alleging, among other things, claims for breach of contract and quantum meruit. Subsequently, Spectrum filed a motion seeking partial summary judgment or, in the alternative, exclusion of evidence of contractually-barred damages. In the motion, Spectrum claimed that, in the months preceding EWI’s alleged completion of work, EWI executed numerous partial waiver of lien and release claim documents. Specifically, Spectrum claimed that, on October 10, 2003, EWI represented under oath that it had been paid in full all amounts due and owing to it by Spectrum through September 30, 2003. The document contained the following language:
Furnisher [defined as EWI] hereby represents, warrants, and acknowledges to Contractor that unless specifically noted below, Furnisher has been paid in full all amounts due and owed to it by Subcontractor as of September 30, 2003 arising out of or in connection with its furnishing of materials, equipment, services, or labor in connection with Subcontractor’s work on the Project.
Exceptions as follows:
(If no exception entry or Anyone@[sic] is entered above, Furnisher shall be deemed not to have reserved any claim) [no exceptions were noted by EWI]
* * *
Except as specifically noted above, Fur-nisher does hereby waive, release, and relinquish any and all claims, damages, losses, expenses, and the like whether arising at law, under a contract, in tort, in equity or otherwise, which Furnisher has now, or may have had, against Contractor, Owner, or Owner’s property arising out of its furnishing of materials, equipment, services, or labor to Subcontractor in connection with the Project through the Current Date.
[[Image here]]
In consideration of the payments made by the Contractor in reliance on Fur-nisher’s agreements contained herein, Furnisher assigns to Contractor all right, title and interest which it has or may have in any claim it may have against Subcontractor arising on the Project prior to the Current Date and agrees that Contractor may take any action it deems necessary to collect such claim against Subcontractor.
Spectrum argued that the document precluded EWI from recovering any damages for goods and services provided prior to September 30, 2003. Alternatively, Spec *1095 trum contended that, even if EWI had a claim for such damages, the document established that EWI’s claim had been assigned to the Contractor. The trial court failed to rule on Spectrum’s motions.
At trial, immediately after the jury was selected, Spectrum again raised the issue of its motions seeking to limit EWI’s claim for damages. The trial court made the following ruling:
With respect to the motions in limine as stated, I’m going to deny them at this time. I’ll allow the evidence to be presented. With the nature of the argument itself, I’ll allow you to raise it posttrial if it becomes an issue. If it doesn’t become an issue, then if you get a verdict your way, then we won’t have to deal with it.
During trial, EWI did introduce evidence of damages without differentiating whether such damages occurred before or after September 30, 2003. At the conclusion of the case, the jury returned a verdict in favor of EWI in the amount of $851,000. Spectrum filed a motion to set aside the verdict and for entry of a judgment notwithstanding the verdict or, in the alternative, for a new trial. In the motion, Spectrum again argued that EWI was precluded from recovering any damages for goods or services provided prior to September 30, 2003 based on the partial waiver of lien and release of claim document. The trial court did not issue a formal ruling on that motion, but did enter a written final judgment in favor of EWI based on the jury’s verdict.
On appeal, Spectrum contends, among other things, that the final judgment must be reversed because EWI lacked the legal right to seek recovery of any damages incurred prior to September 30, 2003 since any such damages had been assigned to the Contractor by virtue of EWI’s execution of the partial waiver of lien and release of claim document. We agree.[1]
The language in a release is the best evidence of the parties’ intent and when that language is clear and unambiguous the courts cannot indulge in construction or interpretation of its plain meaning. Vermut v. General Motors Corp., Inc., Cadillac Div., 773 So.2d 126 (Fla. 4th DCA 2000). Where the language of a release is clear and unambiguous, courts cannot indulge in construction or interpretation of its plain meaning; an exception to this rule occurs only when a latent ambiguity exists. Plumpton v. Continental Acreage Development Co., Inc., 830 So.2d 208 (Fla. 5th DCA 2002).
Here, EWI clearly and unambiguously assigned any claims it might have had against Spectrum through September 30, 2003 to the Contractor; therefore, EWI was not entitled to recover any damages from Spectrum which occurred prior to that date. Accordingly, Spectrum is entitled to receive a new trial on damages, with EWI’s damages limited to damages incurred after September 30, 2003.
AFFIRMED in part, REVERSED in part, and REMANDED.
LAUTEN, F., Associate Judge, concurs.
GRIFFIN, J., dissents with opinion.

. Spectrum’s other issues on appeal are without merit.